EL PUEBLO, DEMANDANTE Y APELADO, *v.* RUÍZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Segundo, en causa por adulteración de leche.

No. 1899.—Resuelto en abril 20, 1922.

DELITO CONTRA LA SALUD PÚBLICA—VENTA A DOMICILIO DE LECHE ADULTERADA.— El mero hecho de que se venda leche adulterada en un carro y no en el puesto no estando el dueño presente, no es óbice para una condena contra el dueño por vender leche adulterada.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. E. Campillo.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Manuel Ruíz es el dueño de un puesto de leche, Anastacio Toledo es o era uno de sus empleados y se le encontró repartiendo leche en Río Piedras. Dos inspectores tomaron una muestra de la leche que ofrecía en venta y encontraron que había sido adulterada con agua. Frecuentemente nos vemos obligados a llegar a la conclusión de que los vendedores de leche y sus empleados no se dan perfecta cuenta de la enormidad del delito de privar a los niños de su alimento necesario. Según la defensa, sin embargo, Anastacio Toledo varió de parecer y después de haber perdido un poco de leche y cedido a la tentación echándole agua a la leche fué que se dió cuenta y confesó a su principal lo que había hecho. Aún hizo más. Para hacer su arrepentimiento perfectamente claro escribió una carta. El juez sentenciador evidentemente tuvo alguna duda de la espontaneidad de esta carta, pues hizo un minucioso interrogatorio a Anastacio quien insistió, no obstante en su originalidad. La corte no dió crédito a la versión, declaró culpable al acusado y lo condenó a sufrir treinta días de cárcel. Estamos en completo acuerdo con las cortes al imponer sentencias de cárcel y no multas a esta clase de delincuentes. En la vista ante esta corte el apelante, asumiendo como cierto el relato hecho por Anastacio sostuvo que la ley penal no haría responsable al principal por los actos de su empleado en un caso como éste. Al principio, cuando fué aprobada la Ley prohibiendo la venta de leche adulterada, la Legislatura prescribió como delito el adulterar la leche a sabiendas. Subsiguientemente fué reformada la ley en el sentido de establecer como delito la venta u ofrecimiento en venta de leche adulterada, ya se hiciese la venta con o sin conocimiento del principal. Claramente que la situación en nada cambia si el principal está presente o si hasta tiene a alguna otra persona que lo repre-

sente. *El Pueblo* v. *Luccioni,* 29 D. P. R. 49. Ampliando un poco más el principio creemos que la ley, cuando no es un elemento esencial la intención criminal exigiría como deber al dueño de un puesto de leche estar al cuidado de que ninguna de su leche fuera vendida adulterada. Tal vez, como en un caso civil, y para evitar los castigos y penalidades de la ley él debe escoger la debida clase de empleados para la venta de su leche. Ciertamente que no importa que la venta se hubiera hecho de un carro y lejos del sitio donde estaba el puesto. No existe ninguna diferencia en tal situación y cuando el dueño no está presente, como ha de suceder cuando tiene dos puestos. Por supuesto que si la corte está convencida de que el acto delictivo fué un acto arbitrario de un empleado la pena podría ser benigna.

No es necesario que examinemos la ley con gran extensión toda vez que estamos satisfechos de que lo que sirvió de base para la condena del acusado fué el hecho de que el apelante ofrecía en venta leche adulterada como en el caso corriente; que quizás la corte como se indica en la sentencia, creyó que el principal procuró o permitió a sabiendas que fuera vendida leche adulterada. Hay conflicto en la prueba y no vemos que exista razón para modificar la sentencia. *El Pueblo* v. *Sinigaglia,* 13 D. P. R. 123; *El Pueblo* v. *Ramos,* 14 D. P. R. 491.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.